UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURIE T. DEPRATO, | ) | Case No.: 5:08 CV 2270 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

This is an action for judicial review of the Administrative Law Judge's ("ALJ") decision, denying Plaintiff Laurie T. DePrato's ("Plaintiff" or "DePrato") claims for disability benefits and supplemental security income ("SSI"). On December 28, 2007, the ALJ found that DePrato has severe impairments consisting of bipolar disorder, fibromyalgia, residuals of an L5-S1 fusion, residuals of surgical release of right cubital tunnel, right carpal tunnel, and right ulnar tunnel, myofascial pain of the right shoulder, and right epicondylitis. (Transcript ("Tr.") at 33.) However, the ALJ determined that DePrato retained the residual functioning capacity ("RFC") to "perform a range of light work" and that based on this RFC and her other personal factors, there were "jobs that exist in significant numbers in the national economy that she can perform." (*Id.* at 35, 42.) After this decision, DePrato submitted additional evidence to support her claim for disability benefits and SSI. The ALJ, however, upheld the initial decision on February 4, 2008. DePrato then appealed the ALJ's determination, but the Appeals Council declined review. Thereafter, on September 24, 2008, DePrato filed the instant case.

DePrato contends that the ALJ, in denying her disability benefits, erred in two regards. First, she claims that the ALJ did not give appropriate weight to the findings of Dr. Frederick Leidal ("Dr. Leidal"), the consultative psychologist. Dr. Leidal concluded that DePrato could not tolerate part-time work because of her limited skills and physical problems. The ALJ, however, rejected this determination, noting that the evidence does not support his opinions as DePrato had performed part-time work, and he found that Dr. Leidal offered analysis outside of his expertise. (Tr. at 22.)

Second, DePrato argues that the ALJ did not meet his burden at the Step Five evaluation. As DePrato correctly notes, Step Five requires a determination of whether there is existing work in the national economy that DePrato could do given her RFC, age, education, and work experience. (Pls.' Br. at 11, ECF No. 11, citing 20 C.F.R. § 404.1512(g)). She maintains that she was only able to do inconsistent part-time work, as demonstrated by her past work history and the testimony of Dr. Leidal, and that, therefore, the ALJ improperly determined that there was significant work that she could perform.

The court referred this case to Magistrate Judge David S. Perelman ("Magistrate Perelman") for preparation of a Report and Recommendation ("R&R"). Magistrate Perelman recommended that the court enter judgment in Defendant's favor as the ALJ's determination was "within his zone of choice." (R&R at 8-9, ECF No. 14, citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Specifically, he noted that the ALJ presented cogent reasons for discounting certain conclusions by Dr. Leidal. He also noted that several treating physicians found that she was "doing well" or "doing OK" and that she was capable of returning to work. He also cited a report from a vocational evaluation performed at Edwin Shaw Hospital that found that DePrato was capable of working.

DePrato filed an Objection in response to the R&R. Her main objection is that both

Magistrate Perelman and the ALJ erred by stating that the Edwin Shaw evaluation found that DePrato was capable of working. Instead, she argues that the report stated that she "may not be able to maintain more than a part time work schedule." (Pl.'s Obj. at 2, ECF No. 15, citing Tr. at 51.) She further argues that part-time work is insufficient to render a decision of not disabled; instead, it must be demonstrated that she has the ability to perform full-time work. (*Id.*, citing *Mason v. Comm'r of Soc. Sec.*, No. 1:07-cv-51, 2008 WL 1733181, at *16 (S.D. Ohio Apr. 14, 2008)).

While DePrato accurately quotes the Edwin Shaw evaluation, elsewhere in the report it reads that she is capable of performing both full-time and part-time work. (Tr. at 45.) Regardless of this apparent discrepancy, the transcript indicates that the ALJ relied on various other opinions in reaching his conclusion that she is capable of full-time work. DePrato fails to direct the court to any other purported errors by the ALJ in relying on these various physicians' reports. In reviewing a social security determination, the court is not permitted to merely focus on a single report or piece of evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Instead, the court must affirm the ALJ's decision if his findings and inferences reasonably drawn from the record are supported by substantial evidence, even though some evidence may also support Plaintiff's claims. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). After *de novo* review, the court finds that there was substantial evidence that the ALJ cited to support this determination. (Tr. at 18-24). Accordingly, the court adopts Magistrate Perelman's R&R (ECF No. 14) and affirms the decision of the ALJ.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 4, 2010